FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN -9 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CR. NO. 2:08-CR-1-MEF |
| v. | ) | [18 USC § 922(a)(6); |
| | ) | 18 USC § 922(g)(1); |
| | ) | 18 USC § 924(a)(1)(A)] |
| | ) | |
| CEDRIC B. GREGORY | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about March 9, 2007, in Montgomery County, Alabama, within the Middle District of Alabama,

### CEDRIC B. GREGORY,

defendant herein, in connection with the acquisition of a firearm, that is, a Hi Point, Model 9mmCP, 9mm Pistol, a better description of which is unknown to the Grand Jury, from Chisholm Gun & Pawn Shop, a licensed dealer of firearms, did knowingly make a false and fictitious written statement to Chisholm Gun & Pawn Shop, which statement was intended and likely to deceive Chisholm Gun & Pawn Shop, with respect to a fact material to the lawfulness of the sale and other disposition of such firearm, in that the defendant represented that he had not been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned him for more than one year, even if he received a shorter sentence including probation. In fact, the defendant then well knew that he had been convicted of Possession of Marijuana I in the Circuit Court of Montgomery County, Alabama, in case number CC-2005-1534, on February 6, 2006. All in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT 2

On or about March 9, 2007, in Montgomery County, Alabama, within the Middle District of Alabama,

### CEDRIC B. GREGORY,

defendant herein, knowingly made a false statement and representation to Chisholm Gun & Pawn Shop, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to the information required to be kept in the records of Chisholm Gun & Pawn Shop, in that the defendant responded "no" to question 11.c., which asked, "Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?" In fact, the defendant then well knew that he had been convicted of Possession of Marijuana I in the Circuit Court of Montgomery County, Alabama, in case number CC-2005-1534, on February 6, 2006. All in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT 3

On or about March 21, 2007, in Montgomery County, Alabama, within the Middle District of Alabama,

### CEDRIC B. GREGORY,

defendant herein, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Possession of Marijuana I in the Circuit Court of Montgomery County, Alabama (CC-2005-1534), knowingly possessed in and affecting commerce a firearm, that is, a Hi Point, Model 9mmCP, 9mm Pistol, a better description of which is unknown to the Grand Jury, in violation of Title 18, United States Code, Section

922(g)(1).

## FORFEITURE ALLEGATION

A.	Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.	Upon conviction for any violation as alleged in Counts 1, 2 or 3 of this indictment, the defendant,

CEDRIC B. GREGORY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of such offense or offenses, including but not limited to the following:

Hi Point, Model 9mmCP, 9mm pistol.

C.	If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

 (1)	cannot be located upon the exercise of due diligence;

 (2)	has been transferred, sold to, or deposited with a third person;

 (3)	has been placed beyond the jurisdiction of the court;

 (4)	has been substantially diminished in value; or,

 (5)	has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Jerusha T. Adams
Assistant United States Attorney